**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 95-5540

HENRY BILLY AGBON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-94-229)

Submitted: March 26, 1996

Decided: April 15, 1996

Before WILKINS and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John David Bryson, WYATT, EARLY, HARRIS & WHEELER,
L.L.P., High Point, North Carolina, for Appellant. Walter C. Hol-
ton, Jr., United States Attorney, David B. Smith, Assistant United
States Attorney, Timika Shafeek, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry Billy Agbon pled guilty to a one-count indictment charging him with conspiracy to import more than 100 grams of heroin, 21 U.S.C.A. §§ 963, 960(b)(2)(A) (West Supp. 1995), between June 1993 and January 1994. He was sentenced to a term of 87 months imprisonment. He appeals his sentence, contending that the district court abused its discretion by failing to hold an evidentiary hearing before deciding not to depart below the guideline range. We affirm.

At Agbon's sentencing in June 1995, he requested a departure under USSG § 5K2.0[1] to give him the benefit of a proposed amendment to USSG § 2D1.1 which did not take effect until November 1995. The amendment permits a 2-level decrease in offense level for a defendant who has an offense level of 26 or more and who meets the criteria set out in subdivisions (1)-(5) of USSG§ 5C1.2. Agbon claimed that he met all the criteria. The government opposed a departure on two grounds, arguing first that a defendant should be sentenced under the guidelines in effect on the date of sentencing, see 18 U.S.C.A. § 3553(a)(4)(A) (West Supp. 1995), and second, that Agbon had not complied with the fifth requirement of USSG§ 5C1.2. Subdivision (5) requires that, by the time of sentencing, the defendant must have "truthfully provided to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."

Defense counsel argued that Agbon had submitted several proffers of information.[2] The government responded that the information

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1994).

[2] The materials presented on appeal are unclear as to whether Agbon was interviewed by federal agents following his proffers.

received from Agbon had been deemed untruthful and not worth pursuing because it did not comport with information received from other conspirators, with telephone records, or with intelligence concerning entry of persons into the country. Ultimately, the district court decided not to depart.

On appeal, Agbon contends that the district court should have held an evidentiary hearing to determine the truthfulness of the information he had provided before making a decision concerning the departure. He argues that only by requiring the government to prove that his information was untruthful could the district court adequately resolve the issue. By not doing so, he maintains that the court made an implicit finding of his untruthfulness without a sufficient evidentiary basis.

Because the amendment to USSG § 2D1.1 was not in effect when Agbon was sentenced, the issue before the district court was not a factual dispute which the court needed to resolve to determine the sentencing range, but simply the question of whether Agbon had presented grounds sufficient to justify a departure from the range. Agbon had an adequate opportunity at the sentencing hearing to testify and to present evidence. The district court has discretion to determine the appropriate procedure for resolving disputed sentencing issues, including those pertaining to departures. USSG § 6A1.3. We find that the district court did not abuse its discretion in deciding against a departure without holding an evidentiary hearing on the truthfulness of Agbon's proffers.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3